## PEOPLE *ex rel.* PARR *v.* PARR.

### (*Supreme Court, General Term, Third Department.*  September 24, 1888.)

1. PARENT AND CHILD—CUSTODY OF CHILDREN—COURTS—JURISDICTION.
   Code Civil Proc. N. Y. §§ 2017–2019, giving justices of the supreme court, or any one authorized to perform the duties of such justice, jurisdiction to award writs of *habeas corpus*, and to examine into the cause of the detention of a prisoner, and in a proper case to discharge him, does not confer jurisdiction on such officers to take an infant from the custody of the mother, and award it to the father.

2. SAME—POWERS OF COUNTY JUDGE.
   Laws N. Y. 1877, c. 417, subd. 21; repealing Laws 1847, c. 280, § 16, which conferred on a single justice the powers of a chancellor or vice-chancellor, deprives such justice of equity powers out of court; and therefore a county judge, under Code Civil Proc. § 241, giving a county judge the powers conferred by law, in general language, upon an officer authorized to perform the duties of such justice, has no authority to make an order taking an infant from the custody of its mother, and awarding to its father, as such jurisdiction is purely equitable.

Appeal from Albany county court; JOHN C. NOTT, Judge.

*Habeas corpus* by John Parr, relator, against Margaret S. Parr, his wife, (living separate and apart from him,) for the custody of their infant child, John T. Parr.  The county court awarded the custody to the relator, and the respondent appealed.  *People* v. *Corey,* 46 Hun, 408, which was published after the order appealed from was made, was decided at the November term, 1887, by LANDON, FISH, and PARKER, JJ., the former delivering the opinion, and was a controversy about the custody of an infant.  The court held, in substance, that the judiciary act of 1847, c. 280, § 16, gave to justices of the supreme court the same powers as possessed by a chancellor or vice-chancellor, and Code Civil Proc. § 241, gave to county judges the powers conferred by law upon an officer authorized to perform the duties of a justice of the supreme court, at chambers or out of court.  Under Code, §§ 2017, 2019, a justice of the supreme court, or any one authorized to perform his duties, was given jurisdiction to issue writs of *habeas corpus,* and examine into the cause of the detention of a prisoner, and discharge him in a proper case.  This power does not extend to the care, custody, and control of infants, which is purely an equity matter, formerly under the jurisdiction of the chancellor as such, and hence no tribunal can exercise such jurisdiction unless having general equity powers or statutory authority; and, since the section of the act of 1847, referred to, was repealed by Laws 1877, c. 417, subd. 21, a justice of the supreme court out of court has none of the powers of a chancellor, and consequently no jurisdiction over the custody of infants, although it is not denied that the supreme court might exercise such jurisdiction in chambers.  This being the case, a county judge, being limited to the powers of a single justice, cannot exercise such jurisdiction, and his order awarding the custody is void.

Before LEARNED, P. J., and LANDON and INGALLS, JJ.

*George H. Stevens,* for appellant.  *E. J. Meegan,* for respondent.

LEARNED, P. J.  The principal question in this case was decided by this court in *People* v. *Corey,* 46 Hun, 408.  We see no reason to disturb that decision.  The relator urges, however, that that part of the order which releases the child from the custody of the mother is not within the doctrine in the case above cited.  He claims that so much of the order is simply the exercise of the ordinary right to discharge from imprisonment one who is unlawfully confined.  But we cannot so consider it.  There is no unlawful imprisonment in this case.  The child would be properly within the custody either of the father or the mother, and a decision releasing the child from the mother's custody is really a decision that the father is entitled to the custody.  The contest is plainly one between the two parents, and any decision must uphold the right of one or of the other.  That part of the order which discharges

the child from the mothei's custody is as much within the condemnation of the case above cited as that which awards the custody to the father. The order, therefore, must be reversed in all respects, and the proceedings dismissed, without prejudice to any other proceeding before a proper tribunal. No costs to either party.

LANDON and INGALLS, JJ., concur.